Luke T. MASSENGILL, Director of the Carbon County Department of Public Welfare ex rel. WYOMING STATE DEPARTMENT OF PUBLIC WELFARE, Relator-Petitioner,

v.

The Honorable Glen G. STANTON, Judge, Seventh Judicial District Court of the State of Wyoming in and for Natrona County, Respondent.

No. 3658.

Supreme Court of Wyoming.

Jan. 31, 1968.

Joseph E. Darrah, Sp. Asst. Atty. Gen., John B. Speight, Asst. Atty. Gen., Cheyenne, for relator-petitioner.

John E. Ackerman, Casper, G. L. Spence, Riverton, for respondent.

ORIGINAL PROCEEDING IN PROHIBITION

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

PER CURIAM.

An original proceeding was filed in this court seeking a writ of prohibition against a district judge to prevent him under the authority of § 42-19, W.S.1957, from permitting welfare records to be placed in evidence. The only facts before us are the allegations of the petition and the responding objection as these pleadings were supplemented by agreed statements of counsel. These disclose that following the filing of a charge of first degree murder against Joe Esquibel, resulting in insanity pleas thereto, the county attorney sought by civil declaratory judgment action to have the accused's mental condition determined. In that proceeding some five months prior to the actual trial, the court in a preliminary order required the county welfare director to deliver all writings and documents pertaining to Esquibel to the county attorney, and the director complied. Thereafter at the trial the attorney for Esquibel procured a subpoena duces tecum, requiring the director to appear and bring welfare records pertaining to Esquibel and his family. Counsel for the State Welfare Office appeared at the trial and presented an objection to the production of the evidence under the subpoena duces tecum, but the trial court overruled him, and the case proceeded, the director complying with the subpoena. Following a jury verdict, the court entered judgment decreeing that Esquibel was not triable by reason of present insanity. Subsequently the county welfare director on the relation of the state department of public welfare brought the present action, which has been duly considered

after the filing of response and the presentation of argument.

It is elementary that the writ of prohibition is granted to prevent an action and not to undo what has already been done. The declaratory judgment action concerning the insanity of Esquibel has terminated with time for appeal having expired, and notwithstanding the contention of petitioner that there may be further developments in the case, we observe no possibility thereof. It is also pointed out that the information concerning Esquibel has become of public record and the harm complained of is continuing, but prohibition would not provide a remedy for the asserted error, and we would hesitate under the circumstances to undertake sua sponte correction by another type of remedy when the error charged had its inception in petitioner's failure to present and carry through his objection when the requirement was first made of him.

Petitioner maintains that the question here presented should be resolved notwithstanding mootness, but no authority is cited for this to be done in a prohibition matter.

Writ denied.